IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-20039-CV-UNGARO/SIMONTON

DIAMOND STATE INSURANCE
COMPANY

        Plaintiff,

vs.

HIS HOUSE, INC. d/b/a HIS HOUSE
CHILDREN'S HOME and JOSSALYN D.
CRAWFORD and MICHAEL COLEY,
Personal Representative of the Estate of
M.C., a Minor Decedent,

        Defendants.
_____/

## ANSWER AND DEFENSES

Defendant, HIS HOUSE, INC. d/b/a HIS HOUSE CHILDREN'S HOME ("His House") hereby files its answer and defenses to Plaintiff, DIAMOND STATE INSURANCE COMPANY'S ("Plaintiff" or "Diamond State") Complaint and expressly reserves its right to seek leave to further amend its answer and defenses based upon subsequent discovery.

## JURISDICTIONAL ALLEGATIONS

1.    His House is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1. The allegations are therefore denied.

2.    Admitted.

3.    His House is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3. The allegations are therefore denied.

4.    The allegations contained in paragraph 4, state legal conclusions to which no

response is required. To the extent a response is required, the allegations are denied.

5. The allegations contained in paragraph 5, state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations contained in paragraph 6, state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## UNDERLYING LITIGATION

7. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

8. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

9. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

10. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

11. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

12. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

13. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

14. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

15. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

16. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

17. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

18. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

19. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

20. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

21. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

22. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

23. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

24. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

25. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

26. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

27. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

28. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

29. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

30. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

31. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

32. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

33. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

34. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

35. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

36. The allegations contained in the Underlying Complaint and Underlying Amended Complaint speak for themselves, otherwise denied.

## PROFESSIONAL LIABILITY POLICY

37. Admitted.

38. The Professional Liability policy speaks for itself, otherwise denied.

39. The Professional Liability policy speaks for itself, otherwise denied.

40. The Professional Liability policy speaks for itself, otherwise denied.

41. The Professional Liability policy speaks for itself, otherwise denied.

42. Admitted.

## COMMERCIAL GENERAL LIABILITY POLICY

43. Admitted.

44. The Commercial General Liability Policy speaks for itself, otherwise denied.

45. The Commercial General Liability Policy speaks for itself, otherwise denied.

46. Admitted.

47. Admitted that Lexington is defending the Underlying Amended Complaint pursuant to any applicable policies and subject to a reservation of rights letter, otherwise denied.

48. Admitted that Lexington is defending the Underlying Amended Complaint pursuant to any applicable policies and subject to a reservation of rights letter, otherwise denied.

## COUNT I- DECLARATORY RELIEF AS TO THE PROFESSIONAL LIABILITY POLICY

49. His House incorporates its answers to paragraphs 1 through 48 herein.

50. The Professional Liability Policy speaks for itself, otherwise denied.

51. The Professional Liability Policy speaks for itself, otherwise denied.

52. The Underlying Complaint speaks for itself, otherwise denied.

53. The allegations of paragraph 53 are vague and ambiguous such that His House cannot admit or deny the allegations. To the extent an answer is required, the allegations are

denied. His House reserves the right to supplement this answer upon clarification of the allegations.

54. The Professional Liability Policy speaks for itself as to what constitutes a wrongful act thereunder, otherwise denied.

55. The Professional Liability Policy speaks for itself as to what constitutes a wrongful act thereunder, otherwise denied.

56. The Professional Liability Policy speaks for itself, otherwise denied.

57. The Professional Liability Policy speaks for itself, otherwise denied.

58. The Professional Liability Policy speaks for itself, otherwise denied.

59. Admitted that M.C. died in February 2007 and that the Professional Liability Policy period began on June 30, 2008, otherwise denied.

60. Admitted.

61. Admitted that other professional policies might be applicable, otherwise denied.

62. Admitted that Lexington is defending the Underlying Amended Complaint subject to a reservation of rights letter, otherwise denied.

63. Denied.

64. The Professional Liability Policy speaks for itself, otherwise denied.

65. Admitted that the Professional Liability Policy period began on June 30, 2008, otherwise denied.

66. Admitted.

67. Denied.

68. Denied.

69. Admitted that His House received a request for insurance information prior to June 30, 2008, otherwise denied.

70. Denied.

71. The Underlying Complaint and policy language speak for themselves, otherwise denied.

72. Denied.

73. The Underlying Complaint and policy language speak for themselves, otherwise denied.

74. Admitted.

75. The allegations contained in paragraph 75, state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II- DECLARATORY RELIEF AS TO THE COMMERCIAL GENERAL LIABILITY POLICY

76. His House incorporates its answers to paragraphs 1 through 48 herein.

77. The Commercial General Liability Policy speaks for itself, otherwise denied.

78. The Commercial General Liability Policy speaks for itself, otherwise denied.

79. The Commercial General Liability Policy speaks for itself, otherwise denied.

80. The Commercial General Liability Policy speaks for itself, otherwise denied.

81. Admitted that the death of M.C. occurred in February 2007, otherwise denied.

82. The Commercial General Liability Policy speaks for itself, otherwise denied.

83. Admitted that His House knew of the death of M.C. prior to the Diamond State policy period, otherwise denied.

84. The Commercial General Liability Policy speaks for itself, otherwise denied.

85. Admitted that Lexington is defending the Underlying Amended Complaint pursuant to applicable policies and subject to a reservation of rights letter, otherwise denied.

86. Denied.

87. The Underlying Complaint and policy language speak for themselves, otherwise denied.

88. The Underlying Complaint and policy language speak for themselves, otherwise denied.

89. The allegations contained in paragraph 89, state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

90. Admitted.

91. The allegations contained in paragraph 91, state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

This action should be stayed pending resolution of the Underlying Amended Complaint and Lexington's defense and possible indemnification associated with the same. Until resolution of those issues, this declaratory action is premature.

**WHEREFORE**, having fully answered Plaintiff's Complaint, His House demands judgment dismissing the Complaint with prejudice, and awarding its fees and costs together with such other relief as the Court deems just and proper.

Dated: April 1, 2010.

Respectfully submitted,

/s/ Mia B. Fraser
Lewis F. Murphy
Florida Bar # 308455
lmurphy@ssd.com
Mia Burroughs Fraser
Florida Bar #0672270
mfraser@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
200 South Biscayne Boulevard, Suite 4100
Miami, FL, 33131-2398
(305) 577-4715 (telephone)
(305) 577-7001 (facsimile)

*Attorneys for His House, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 1, 2010, I electronically filed the foregoing Answer and Defenses with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of the Notice of Electronic Filing generated by CM/ECF, and via facsimile and U.S Mail, or in some other authorized manner for those counsel who are not authorized to receive electronic Notices of Electronic Filing.

By: /s/ Mia B. Fraser
    Mia Burroughs Fraser

9

## SERVICE LIST

Diamond State Insurance Company v. His House, Inc., et al.
Case No. 10-20039-CV-UNGARO/SIMONTON
United States District Court, Southern District of Florida

John D. Russell, Esq.
jrussel@wsmlaw.com
Colleen Elrod, Esq.
celrod@wsmlaw.com
WILLIAMS SCHIFINO MANGIONE & STEADY, P.A.
P.O. Box 380
Tampa, Florida 33601
Phone:          813-221-2626
Facsimile:      813-221-7335

***Attorneys for Plaintiff***
**[VIA CM/ECF]**

MIAMI/4253092.3